UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | |
| JEFFREY K. BOYD ) | Case No. 10-23798-WL |
| SHIRLEY A. JENKINS-BOYD ) | (Chapter 13) |
| ) | |
| ) | |
| Debtor ) | |
| _____ ) | |
| JEFFREY K. BOYD ) | |
| SHIRLEY A. JENKINS-BOYD ) | |
| 702 Coffren Place ) | |
| Upper Marlboro, MD 20774 ) | Adv. Pro. |
|     Plaintiffs ) | |
| v. ) | |
| ) | |
| **BANK OF AMERICA CORP.** ) | |
| **SERVE: Kenneth D. Lewis, CEO** ) | |
| Bank of America Corporate Ctr. ) | |
| 100 North Tryon Street ) | |
| Charlotte, NC 28255 ) | |
| ) | |
| -and- ) | |
| ) | |
| Richard Rogers, Esquire ) | |
| 600 Baltimore Avenue; Suite 208 ) | |
| Towson, MD 21204 ) | |
|     Defendant ) | |

**COMPLAINT TO DETERMINE UNSECURED STATUS AND AVOID LIEN OF BANK OF AMERICA CORP. PURSUANT TO
11 U.S.C. §§ 105(a) and 506(a), (d), 28 U.S.C. §§ 2201, 2202
and FED R. BANKR. P. 3012**

JEFFREY K. BOYD and SHIRLEY K. JENKINS-BOYD (the "Debtors" and "Plaintiffs"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns LawFirm, LLC hereby files this Amended Complaint To Determine Unsecured Status and Avoid Lien of Bank of America Corp. ("BOA" or "Defendant") (the "Complaint"), and states as follows:

**PARTIES AND JURISDICTION**:

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b), 2201-2202 and 157(b). This contested matter consists of a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409. The Plaintiffs move for relief under 11 U.S.C. §§ 105(a), 363(b), 506(a), (d), 541(a), (d), 544(a).

2. JEFFREY K. BOYD and SHIRLEY K. JENKINS-BOYD are individuals residing in the State of Maryland at 702 Coffren Place, Upper Marlboro, MD 20774 and are party plaintiffs herein.

3. BANK OF AMERICA CORP. is a banking organization maintaining principal offices in North Carolina, and is a party defendant hereto.

**FACTS COMMON TO ALL COUNTS**:

4. On or about August 18, 2010 (the "Petition Date"), the Debtors filed a voluntary Chapter 11 petition for relief. The Debtors own a property situate at 5806 Brooke Jane Drive, Clinton, MD 20735 (the "Property").

5. The Plaintiffs scheduled a first priority lien on this Property was in favor of BOA, and in respect of same, BOA has filed a proof of claim [Claims Dkt. 18-1] in the amount of $440,069.06 (the "Claim").

7. The Debtors have obtained an appraisal in the amount of $330,000.00 on the Property, which shall be submitted at trial. Moreover, a second lien has been scheduled by Debtor at $103,799.67 [Schedule D; Dkt. No. 1]; namely, Specialized Loan Services. This is subject to avoidance by separate adversary proceeding [Adv. Case No. 11-00759]. Defendant has not filed a proof of claim herein. A Clerk's default has been entered in that separate adversary

proceeding. However, herein, the Plaintiffs intend to "strip down" the lien of the Defendant which is partially unsecured.

8. Section 506(a) of the Code provides, in relevant part, that upon the commencement of a Title 11 case "an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property."

9. Section 506(a) of the Code further provides, in relevant part, that an unsecured claim is a "claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim."

10. Section 506(d), however, more specifically provides, in relevant part, that "to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

11. The Bankruptcy Court in the District of Maryland has recognized that a debtor may "lien strip" a wholly unsecured lien from the debtor's residence in a Chapter 13 Bankruptcy case. *See* Johnson v. Asset Management Group, LLC, 226 B.R. 364 (D. Md. 1998). The same should be true in this instance. However, this limitation was only required due to the fact that residential consensual liens are subject to the anti-strip down provisions of Section 1322(b)(2) under In re Nobelman, 508 U.S. 324 (1993).

### COUNT I
### (Determination of scope, extent and validity of lien)
### (11 U.S.C. §§ 105(a), 506(a), (d))

12. Paragraphs 1-13 are incorporated and realleged herein.

13. Plaintiffs hold the entirety of ownership interests in this Chapter 11 case in the Property.

14. Defendant holds a first priority partially unsecured lien against the Property and the lien is subject to avoidance by the Plaintiffs to the extent of $110,069.06 given the value of the Property and amount of the Property..   This relief is necessary and appropriate to effectuate the provisions of Title 11. See, 11 U.S.C. §§ 506(a), (d).  On the Petition Date, the Property was not the principal residence of the Plaintiffs.  It was and remains a rental Property.

15. The remainder of any claim filed by the Defendant after deduction of the portion of the lien which is not an allowed secured claim shall be treated as an allowed unsecured claim for the purposes of any plan of reorganization.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order:

(i) Granting Count I of the Complaint; and

(ii) Avoiding the first priority lien against the Property asserted by Defendant to the extent it exceeds the value of the Property; and

(iii) Granting such other and further relief as equity and justice may require.

## **COUNT II**
**(Declaratory Action)**
**(28 U.S.C. §§ 2201-2202)**

16. Paragraphs 1-15 are incorporated and realleged herein.

17. The Plaintiffs seek a declaratory ruling from this Court that the subordinate lien of record asserted by Defendant is partially unsecured against the Property.

18. The Plaintiffs seek an appropriate form of Order for recordation with the Circuit Court for Prince George's County, MD, which counsel for the Plaintiffs will submit at trial or other disposition hereof, that becomes effective upon a completion of the plan payments by the Debtors in this Chapter 11 case as to the case or controversy submitted for adjudication within this adversary proceeding.

WHEREFORE, the Plaintiffs respectfully request that this Court enter an Order:

(i)  Granting Count II of the Complaint; and

(ii)  Avoiding the first priority partially unsecured lien against the Property asserted by Defendant to the extent it exceeds the value of the Property such relief afforded effective at the conclusion of plan payments herein; and

(iii)  Granting such other and further relief as equity and justice may require.

RESPECTFULLY SUBMITTED,

---------/S/ John D. Burns----------
_____
John D. Burns, Esquire (#22277)
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland  20770
(301) 441-8780
Counsel for the Plaintiffs

Dated: March 9, 2012